IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DACO CONSTRUCTION CO, INC.
\*

    Plaintiff(s)
\*

vs.                                                Civil Action No.   JFM-15-995
\*

LIBERTY MUTUAL INSURANCE CO., ET AL.
\*

    Defendant(s)

\*\*\*\*\*\*

**MEMORANDUM**

Daco Construction Company, Inc. has filed this action against Liberty Mutual Insurance Co., Jay H. Bruce, and Paul D. Barber. Defendants have filed a motion to dismiss or stay pending arbitration. The motion will be treated as one to stay and, as such, will be granted.

I.

Daco was a subcontractor of Bruce & Merrilees Electric Co., the general contractor on a construction project at the Baltimore-Washington International Thurgood Marshall Airport, of which the Maryland Aviation Administration was the owner. Liberty Mutual provided a payment bond to Bruce & Merrilees under the Maryland Little Miller Act. Bruce and Barber are officers and managers of Bruce & Merrilees.

A dispute arose between Daco and Bruce & Merrilees at the project. As a result, Bruce & Merrilees substantially reduced the contract price to be paid to Daco because Bruce & Merrilees allegedly had to perform a large portion of the work it had subcontracted with Daco to perform. Bruce and Barber allegedly have withheld funds from Daco that were paid to Bruce & Merrilees by the Maryland Aviation Administration for work allegedly completed by Daco.

Daco is a Nebraska corporation with its principal office in Norfolk, Nebraska. Bruce & Merrilees is a Pennsylvania corporation with its principal place of business in Pennsylvania. The contract between Daco and Bruce & Merrilees provides that Pennsylvania law shall apply to any disputes between the parties. The contract further provides that at the sole discretion of Bruce & Merrilees, any disputes between the parties will be arbitrated. After this action was filed, Bruce & Merrilees instituted arbitration proceedings concerning the dispute between Daco and Bruce & Merrilees that gives rise to this action.

II.

The arbitration clause in the contract between Daco and Bruce & Merrilees is unenforceable under Maryland law because it confers a unilateral right upon Bruce & Merrilees to determine whether a dispute should be arbitrated. *See Cheek v. United Healthcare of MidAtlantic, Inc.*, 378 Md. 139, 147 (2003); *Noohi v. Toll Bros., Inc.*, 708 F.3d 599 (4th Cir. 2013). Daco contends that Pennsylvania law, which the parties agree would not invalidate the arbitration clause, should not be permitted to apply.

I disagree with Daco's position. As the Maryland Court of Appeals has stated: "this Court has long recognized the ability of contracting parties to specify in their contract that the laws of a particular State will apply in any dispute over the validity, construction, or enforceability of the contract." *Jackson v. Pasadena Receivables, Inc.*, 398 Md. 611, 617 (2007). Of course, this rule does not apply where "(a) the chosen state has no substantial relationship to the parties or the transaction . . ., or (b) application of the law of the chosen state would be contract to a fundamental policy of a state which has materially greater interest in the chosen state in the determination of the particular issue." *Jackson*, 398 Md. At 619. Here, however, Pennsylvania does have a substantial relationship to the parties because Bruce &

Merrilees is headquartered there. Likewise, the mere fact that the arbitration clause would not be enforceable under Maryland law does not establish a strong public policy of Maryland's against the enforceability of the clause. This is particularly true in light of the fact that as a general proposition, "Maryland's public policy favors arbitration of disputes." *Falls v. 1CI, Inc.*, 208 Md. App. 643, 653 (2012).

Under these circumstances I exercise my discretion to stay this action pending resolution of the arbitration proceedings that Bruce & Merrilees has instituted. If Daco does not prevail in those proceedings, it may be that facts found against it will prevent it from proceeding with this litigation. On the other hand, if Daco prevails in the arbitration, it may be that the arbitrator's award will moot this litigation.

Date: _____          _____
                           J. Frederick Motz
                           United States District Judge